UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROY M. CALLAHAN,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-11-251-JPH

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 13, 16. Attorney Maureen J. Rosette represents plaintiff. Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. On August 14, 2012, plaintiff filed a reply. ECF No. 18. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** plaintiff's motion for summary judgment, **ECF No. 13.**

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) on July 20, 2006 and on May 28, 2008, alleging disability beginning March 1, 2003 (Tr. 117, 123). The applications were denied initially and on reconsideration (Tr. 74-80, 86-90).

At a hearing before Administrative Law Judge (ALJ) Moira Ausems on October 27, 2009, plaintiff, represented by counsel, and a vocational expert testified (Tr. 39-70). On March 5, 2010, the ALJ issued an unfavorable decision (Tr. 16-30). The Appeals Council denied review on May 20, 2011 (Tr. 1-4). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 1, 2011. ECF No. 1,4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Callahan was 31 years year old on his last insured date and 32 on the date of the ALJ’s decision (Tr. 29). He earned an AA degree at a community college in computer technology in 2004 or 2005. He lives with his spouse (Tr. 51, 157, 163, 187, 270). Callahan has worked as an electronics technician, shipping and receiving clerk, and cook (Tr. 63-64, 167). He served in the military from September 1997 to March 2003 (Tr. 307). He alleges disability due to back pain, nerve damage, panic disorder, and post-traumatic stress disorder (PTSD)(Tr. 183). The appeal is limited to mental impairment.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial

evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found Callahan was insured through December 31, 2008 (Tr. 17, 18). At step one she found he did not engage in substantial gainful activity after September 8, 2006 (Tr. 18). At steps two and three, she found Callahan suffers PTSD, dysthymia, major depressive disorder, general anxiety disorder with reported panic symptoms, alcohol and cannabis abuse history, lumbar degenerative disc disease (DDD) with arthrosis and history of possible ulnar nerve entrapment syndrome, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 19). The ALJ found plaintiff less than fully credible and assessed an RFC for a range of light work (Tr. 20-21). At step four, relying on a VE's testimony, ALJ Mausems found Callahan is unable to perform past work (Tr. 28). At step five, again relying on the VE, the ALJ found Callahan can perform other jobs, such as assembler and production checker (Tr. 30). The ALJ found plaintiff was not disabled as defined by the Social Security Act during the relevant period (Id).

**ISSUES**

Callahan alleges the ALJ erred when she weighed the evidence

of mental impairment and assessed his residual functional capacity. ECF No. 14 at 9-20. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm. ECF No. 17 at 2.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592

(9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion by stating specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Mental impairment**

Callahan alleges the ALJ failed to properly weigh the opinions of treating, examining and reviewing sources with respect to his mental impairments and limitations. ECF No. 14 at 9-20. First, he alleges the ALJ failed to properly credit the opinions of treating and examining sources at the Department of Veterans' Affairs.[1] This issue is dispositive.

*VA opinions and disability rating*

Callahan alleges the ALJ failed to properly credit the 2004 opinion of VA examiner Philip Plattner, M.D. ECF No. 14 at 9-10.

---

[1]After Callahan served in the military from September 4, 1997 to March 28, 2003, he was honorably discharged (Tr. 307).

Dr. Plattner opined Callahan was incapable of work at that time (Tr. 315). On December 23, 2005, the VA increased Callahan's assessed PTSD with depression from a 30% rating to a rating of 70 percent disability, effective March 29, 2003. He was also entitled to individual unemployability effective March 29, 2003. ECF No. 14 at 12, Tr. 516-18.

More than two years later, on February 19, 2008, VA doctor Jeffrey S. Schack, M.D., opined Callahan suffered from PTSD by history, possibly now irritable/insomnia related to stopping drinking two weeks earlier [February 5, 2008] and alcohol abuse. ECF No. 14 at 10, citing Tr. 388-90.

A month later, in March 2008, Callahan reported panic attacks, intrusive PTSD symptoms, nightmares with disrupted sleep and recent homicidal/suicidal ideation. Callahan had been out of treatment for several months because, he said, the groups made him so angry he did not want to come back. ECF No. 14 at 10, citing Tr. 385-387.

As noted the VA increased Callahan's disability rating due to PTSD to 70%, awarded December 1, 2006 and paid at 100% due to unemployability (Tr. 144, 147). Ordinarily an ALJ must give great weight to a VA determination of disability. A decision to reject such an opinion must be based on persuasive reasons. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Because the VA and SSA criteria for determining disability are not identical, the ALJ may give less weight to a VA disability rating if he or she gives persuasive, specific, valid reasons for doing so that are supported by the record. *Id*. at 1076. The Commissioner opines the higher VA disability rating predates the relevant dates in this

case, September 9, 2006 to December 31, 2008. ECF No. 17 at 13-14.

The ALJ rejected the VA rating for the following reasons: (1) the complete record does not contain evidence that supports total disability due to PTSD or any other condition, but does show improvement and control with treatment after the VA issued its rating (2) VA records reveal infrequent treatment with lengthy unexplained gaps, and many instances of Callahan failing to appear or cancel scheduled appointments (3) there is no indication the VA considered Callahan’s history of substance abuse when they rated disability and (4) at about the same time the VA issued its disability rating, Callahan completed an AA degree in computer technology at a community college (Tr. 22, 28). The ALJ notes this is an activity “that is not suggestive of an individual experiencing disabling PTSD symptoms or disabling limitations from any other impairment” (Tr. 28).

With respect to the ALJ’s first reason, “improvement and control” with treatment after the VA issued its disability rating, the record does not support the assertion. At best, the record shows sporadic control of PTSD symptoms. *See* Tr. 54: Callahan testified in 2009 depression and anxiety are worse since 2006; Tr. 385: John Edwards, M.D., at the VA notes Callahan says he is depressed all the time; he is dirty, depressed, angry; at the same time Callahan indicates he is calmer and less depressed the last two weeks since resuming medication, March 2008; and Tr. 402: examiner John McRae, Ph.D., observes “depression manifest during interview,” August 2008.

The ALJ’s second reason is that the VA record shows significant gaps in Callahan’s mental health treatment. An

unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can cast doubt on the sincerity of a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 2001). However, in the case of a mental health disorder, failure to seek treatment may be an unfortunate result of the disorder. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). While the VA did not clearly separate out the effects of drugs and alcohol on Callahan's functioning, as the ALJ observes, the record as a whole contains very few references to substance abuse, including the records from the VA. *See e.g.*, Tr. 255 (2004), 271, 274, 328 (2005), 368 (2003), 385, 390, 402 (2008).

The ALJ also relied on Callahan's ability to complete an AA degree in computer technology at about the same time the VA issued its rating (Tr. 22, 28). While the court agrees with the ALJ that this certainly shows some functional ability, based on the largely uncontroverted evidence of all of the treating, examining and reviewing sources, the court finds the ALJ's reasons for the rejecting the VA's disability rating are not persuasive, valid and supported by the record as a whole.

The court's resolution of this issue requires reversal. Accordingly, the court considers the record to determine whether to remand for further proceedings or calculation of benefits.

*Examining psychologist*

As noted, Dr. McRae examined Callahan in August 2008. Plaintiff alleges the ALJ failed to properly credit McRae's opinion. ECF No. 14 at 11, citing Tr. 401-03. The Commissioner answers that the ALJ gave specific and legitimate reasons for

rejecting Dr. McRae's contradicted opinion: (1) Dr. McRae did not discuss Callahan's limitations; instead, he deferred to the treating psychologist's opinion; (2) the majority of the report consists of Callahan's subjective complaints and (3) the mental status examination results were relatively benign, as the ALJ observes (Tr. 22, 27). The Commissioner asserts these reasons justify the ALJ's rejection of Dr. McRae's opinion. ECF No. 17 at 7-9, Tr. 402-03.

Dr. McRae deferred to Callahan's treatment providers.

He also observed "I note as the evaluation goes on that he appears flat, psychomotor slow, self focused and focused on his psychiatric symptoms ... His affect is very flat ... His depression is manifest during the interview while his anxiety is not so visibly evident." (Tr. 402). Contrary to the ALJ's reason, Dr. McRae's observations are not subjective complaints.

The ALJ's reasons are not supported by the record. An opinion of disability premised to a large extent on the claimant's own accounts of his or her symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). However, as noted, Dr. McRae's opinion contains several observations, rather than statements by plaintiff, that are consistent with the bulk of the record. Dr. McRae diagnosed major depression, recurrent, an anxiety disorder NOS (PTSD, panic and general anxiety disorders) and alcohol abuse. These too are largely consistent with the record.

*Dennis Pollack, Ph.D.*

Dr. Pollack evaluated Callahan on March 3, 2009, and assessed

moderate and marked limitations (Tr. 440). Plaintiff alleges the ALJ should have credited the opinion as that of a treating source because Dr. Pollack began treating Callahan in "approximately February 2008," about a year prior to his March 3, 2009 evaluation. ECF No. 14 at 12-13, 15-17, 20.

The Commissioner answers that the ALJ properly rejected Dr. Pollack's contradicted March 2009 opinion because no treatment notes were provided to support the opinion, the narrative report is inconsistent with assessed marked limitations and Dr. Pollack failed to indicate in the report that he was treating Callahan. ECF No. 17 at 9-12.

The Commissioner is correct that Dr. Pollack failed to provide treatment notes. Dr. Pollack states on the first page "Mr. Callahan was self referred for treatment of Post-Traumatic Stress Syndrome and depression" (Tr. 434). Thus, Pollack states Callahan came to him for treatment, contrary to the Commissioner's assertion.

When evaluating conflicting opinions, the ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d at 1149. The ALJ is correct that Dr. Pollack failed to provide any treatment notes. He did, however, conduct testing and interpret the results. As a result the Commissioner is inaccurate when he characterizes it as brief, conclusory or inadequately supported by clinical findings.

It appears Dr. Pollack treated Callahan for over a year.[2] He

[2] In October 2009 Callahan testified he had been seeing Dr. Pollack weekly for a year and a half (Tr. 61). Callahan stated in a report he first saw Dr. Pollack in February 2008 (Tr. 186).

assessed as "markedly limited" Callahan's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances (Tr. 440). The ALJ rejected these limitations when she assessed Callahan's RFC.

Seven months earlier, agency reviewing psychologist Edward Beaty, Ph.D., opined Callahan's ability to complete a normal workday was moderately limited. He opined, as Pollack later did, that Callahan's ability to maintain concentration for extended periods was moderately limited (Tr. 426-27, 440).

The ALJ also rejected Dr. Pollack's report as internally inconsistent. She opined the objective evidence in the narrative report does not support the assessed limitations (Tr. 28). The ALJ notes several test results showed no more than mild limitations in concentration, persistence, pace and social functioning, yet Pollack assessed as moderately limited Callahan's ability to maintain attention and concentration for extended periods, and he assessed three other marked limitations (Tr. 28, 440). While the ALJ may properly reject a treating doctor's internally inconsistent opinion, *Young v. Heckler*, 803 F.2d 963, 967-68 (9th Cir. 1986), such is not the case here. The results of a few tests administered by Dr. Pollack does not change the striking fact that Pollack's and Beaty's assessed limitations are quite similar.

Plaintiff alleges the ALJ should have adopted Dr. Beaty's opinion that "Callahan's sustained concentration and pace would be periodically disrupted by his depression and anxiety." And, Callahan alleges, Dr. Beaty's assessed "six

moderate checkbox limitations" should have been included in the ALJ's hypothetical. ECF No. 14 at 11, 18-19, Tr. 412-29, 426-28.

The Commissioner answers that the ALJ limited Callahan to performing simple and repetitive tasks with no more than minimal contact with the general public and no work requiring collaborative efforts as part of a team, limitations that adequately account for Dr. Beaty's restrictions. Second, the Commissioner points out that the section of Dr. Beaty's form containing the checkbox limitations is a worksheet, not the RFC assessment. ECF No. 17 at 12-13, Tr. 20, 26-27, 428.

The Commissioner is partially correct. The checkbox limitations do not comprise the RFC assessment.

An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. *Stubbs-Danielson*, 539 F.3d at 1174, citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)(consistent with state psychologist's opinion, hypothetical including ability to perform "simple, routine, repetitive tasks" adequately captured claimant's deficiencies in concentration, persistence or pace); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

In this case, however, the medical testimony is consistent with more limited functioning. Dr. Pollack, a treating psychologist, assessed a GAF of 55 in 2009, well after Dr. Beaty's record review, indicative of moderate symptoms or difficulties in social, occupational or school functioning. Treating sources at the VA have rated Callahan's GAF at 40-45 (e.g., November 2004, Tr. 258). They indicate he "clearly is impaired by his depression

and anxiety" (September 2005, Tr. 271). A GAF of 47 was assessed on July 19, 2006, noted at Tr. 385, and of 50 on January 12, 2009 (Tr. 495). All indicate problems ranging from major impairment in several areas to serious impairment in one area.

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law. ***Lester***, 81 F.3d at 834 (internal citation omitted). Similarly, if the ALJ fails to give persuasive reasons for rejecting a VA disability rating, the court generally credits the opinion. *See McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002)(discussing standards for remand for additional evidence versus for an award of benefits). If it is clear from the administrative record that the ALJ would be required to find the claimant disabled on remand, then the court typically remands for a calculation of benefits. *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

It is clear from the record here that if the ALJ properly credited the evidence Callahan would be found disabled.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is not free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 13,** is **GRANTED. The case is reversed and remanded for a calculation of benefits.**

2. Defendant's motion for summary judgment, **ECF No. 16,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff, and **CLOSE** the file.

DATED this 2nd day of January, 2013.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE